**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDIO RED INCORPORATED, | No. C 07-396 CW |
|       Plaintiff, | |
|   v. | ORDER DENYING PLAINTIFF'S |
| ROCKWELL ARCHITECTURE PLANNING AND DESIGN, P.C., | MOTION FOR A TEMPORARY RESTRAINING ORDER |
|       Defendant. | |

_____/

Plaintiff, an industrial design firm operating under the name "Studio Red" since 1983, has filed an ex parte application for a temporary restraining order, seeking to enjoin Defendant Rockwell Architecture from offering design services under its subsidiary or division, also named "Studio Red."  Defendant was served with this ex parte application.  Defendant's counsel filed a declaration in opposition.  Having considered Plaintiff's papers, the Court DENIES Plaintiff's application for a temporary restraining order.

Plaintiff claims that Defendant should be enjoined from using the Studio Red name for its design services because Plaintiff has a

United States District Court
For the Northern District of California

1  valid, protectable ownership interest in the name, and Defendant's

2  use of the name is likely to cause confusion in the marketplace and

3  thus infringe that right.

4      A temporary restraining order may be issued only if

5  "immediate and irreparable injury, loss, or damage will result to

6  the applicant" if the order does not issue.  Fed. R. Civ. P. 65(b).

7  To obtain a temporary retraining order, Plaintiff must establish

8  either: (1) a combination of probable success on the merits and the

9  possibility of irreparable harm, or (2) that serious questions

10 regarding the merits exist and the balance of hardships tips

11 sharply in its favor.  See Baby Tam & Co. v. City of Las Vegas, 154

12 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. West

13 Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

14     As Plaintiff points out, irreparable injury in a trademark

15 case is presumed upon a showing of a likelihood of confusion.

16 Metro Publ'g, Ltd. v. San Jose Mercury News, 987 F.2d 637, 640 (9th

17 Cir. 1993).  Plaintiff states that it has received correspondence

18 and telephone calls at its office intended for Defendant,

19 indicating actual confusion.  Further, Plaintiff alleges that

20 Defendant was aware of Plaintiff when it began using the name, and

21 therefore, that Defendant is willfully infringing Plaintiff's trade

22 name.  Although Defendant began using the Studio Red name in 2003,

23 Plaintiff alleges that it only recently began conducting business

24 in Northern California.

25     Plaintiff initially filed its complaint in state court on

26 November 15, 2006.  Defendant informed Plaintiff that it intended

27 to remove the case to federal court and suggested that the parties

28                                    2

United States District Court
For the Northern District of California

1  meet and confer to attempt to resolve the issue.  Defendant

2  informed Plaintiff that it did not believe that the two businesses

3  were competing in the same field.  The parties agreed to meet and

4  confer.

5      Plaintiff dismissed its state case and refiled the complaint

6  in this Court in January, 2007.  In February, 2007, Plaintiff

7  stipulated to an extension of time for Defendant to answer the

8  complaint so that the parties could meet and confer.  Defendant

9  attempted to schedule an appointment with Plaintiff but received no

10  response before its answer was due on March 14, 2007.  Defendant

11  answered the complaint and states that it continued to try to

12  schedule a meeting with Plaintiff's counsel.  Plaintiff filed this

13  application for a temporary restraining order on April 9, 2007.

14      Plaintiff argues that, despite this passage of time,

15  injunctive relief should be granted, citing GoTo.com, Inc. v. Walt

16  Disney Co., 202 F.3d 1199, 1209 (9th Cir. 2002).  However, the

17  court in GoTo upheld a noticed and properly opposed preliminary

18  injunction, not an ex parte temporary restraining order.  Further,

19  Plaintiff's argument that it is seeking a temporary restraining

20  order "only a few months later" than it first filed its complaint

21  is not well taken.  Plaintiff makes no representation regarding its

22  initial discovery of Defendant's use of the Studio Red name.  The

23  proper inquiry in determining whether the doctrine of laches bars

24  injunctive relief in a trademark case is whether "the trademark

25  holder knowingly allowed the infringing mark to be used without

26  objection for a lengthy period of time."  Id. (quoting Brookfield

27  Communications, Inc. v. West Coast Entertainment Corp., 174 F.3d

28                                    3

1 1036, 1061 (9th Cir. 1999)).  Plaintiff alleges that Defendant

2 began using the Studio Red name in 2003, not several months ago.

3   For the foregoing reasons, the Court DENIES Plaintiff's

4 application for a temporary restraining order.  However, the Court

5 will deem its motion to be a motion for  a preliminary injunction.

6 Defendant's opposition shall be filed by April 26, 2007.

7 Plaintiff's reply, if any, shall be filed by May 3, 2007.  The

8 matter will be heard on Thursday, May 17, 2007 at 2:00 P.M.

9

10   IT IS SO ORDERED.

11 Dated:  4/11/07 

12           CLAUDIA WILKEN
          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California